UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTOPHER SHAWVER, *et al.*                                                  PLAINTIFFS

v.                                             CIVIL ACTION NO. 3:12-CV-843

BOMBARDIER RECREATIONAL
PRODUCTS, INC., *et al.*                                                     DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court pursuant to three motions: a motion to remand filed by plaintiffs Christopher Shawver and Michelle Shawver (DN 7), a motion for summary judgment filed by defendant Kentucky Power Sports, Inc. ("KPS") (DN 9), and a motion to transfer this matter to the Paducah Division of the Western District of Kentucky filed by defendants Bombardier Recreational Products Inc. ("Bombardier") and BRP US Inc. ("BRP US") (collectively, "BRP") (DN 10). For the reasons stated herein, the Shawvers' motion to remand will be granted.

This action arises out of an accident that occurred while Christopher Shawver was driving a side-by-side off-road vehicle (the "side-by-side") in an off-road vehicle park in Trigg County, Kentucky. According to the allegations in Shawvers' complaint, the vehicle was designed and manufactured by BRP. Christopher Shawver purchased the side-by-side from KPS, which was an authorized dealer of BRP goods. The complaint alleges that while Christopher Shawver was driving the side-by-side, it "suddenly and without warning overturned and rolled" and that the roll cage failed. Christopher Shawver allegedly suffered severe and permanent injuries from the accident.

The Shawvers filed this action in Jefferson County, Kentucky, Circuit Court on January 6, 2012. They brought claims against the defendants for defective design, negligence, failure to warn expected users of the hazards, strict liability, and violations of the Kentucky Product Liability Act. BRP filed an answer dated February 3, 2012, and KPS filed an answer ten days after that. Thereafter, discovery commenced in state court. In August, BRP filed a motion to dismiss for lack of venue, or, in the alternative, to transfer the action to Trigg County, Kentucky, Circuit Court. On October 4, 2012, KPS filed a motion for summary judgment. Then, on December 17, 2012, with both of those motions still pending, BRP removed the action to this court. BRP asserts that this court has diversity jurisdiction over the matter. Nine days after BRP removed to this court, the plaintiffs moved to remand the action to state court. Meanwhile, this court directed that any pending motions in state court should be re-filed in this court. Thereafter, KPS filed its motion for summary judgment. BRP filed a motion to transfer the case to the Paducah Division of this court.

We begin with the motion to remand, as it calls into question this court's subject matter jurisdiction. Under 28 U.S.C. § 1441(a), a party may remove a state court action to a federal district court if the district court would have original jurisdiction over the action. Federal district courts may exercise original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different states, citizens of a state and citizens or subjects of a foreign state, or citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332(a). For such diversity jurisdiction to exist, there must be complete diversity between the parties, meaning that the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For the purpose of assessing the citizenship of a corporation, it is considered a citizen of the state or foreign

- 3 -

state by which it has been incorporated and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

The Shawvers are Kentucky citizens. Bombardier is a Canadian corporation with a principal place of business in Quebec, Canada, making Bombardier a Canadian citizen, while BRP US is a Delaware corporation with a principal place of business in Wisconsin, meaning that BRP US is a citizen of Delaware and Wisconsin. Finally, KPS is a Kentucky corporation with a principal place of business in Tennessee, making it a citizen of Kentucky and Tennessee. Thus, complete diversity does not appear to exist in this case: the plaintiffs, the Shawvers, and one of the defendants, KPS, are all citizens of Kentucky. However, BRP argues that this court should disregard KPS's citizenship on the basis that KPS was fraudulently joined in this suit.

The "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). A removing defendant bears a heavy burden to prove fraudulent joinder. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 953 (6th Cir. 2011) (quoting 16 James W. Moore et al., *Moore's Federal Practice–Civil* § 107.14(2)(c)(iv)(B) (3d ed. 1997)). The removing party must establish that there is no "colorable cause of action" against the non-diverse defendant. *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). In determining whether a non-diverse party was fraudulently joined, all disputed facts and issues of controlling state law must be resolved in favor of the non-removing party. *Coyne*, 183 F.3d at 493. "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*

BRP's argument that KPS was fraudulently joined is premised, in large part, on evidence about the roll cage that, it claims, first came to light during discovery in state court. Apparently,

BRP ships roll cages for side-by-sides to dealers in two parts, separate from the chassis of the vehicles. The dealers then assemble the roll cages and bolt them to the chassis. Prior to the commencement of the lawsuit, two BRP representatives – Jean-Yves Leblanc, the former Director of Product Safety and Process Improvement, and Bruno Larocque, a mechanical engineer and Team Leader in Product Development – inspected the side-by-side at issue. According to Leblanc's testimony in a September 7, 2012 deposition (which was apparently continued and has yet to be completed), he determined during the pre-lawsuit inspection that KPS had done nothing wrong in assembling and distributing the side-by-side. Then, on November 14, 2012, BRP had an "outside consultant" named Kevin Breen, an engineer with Engineering Systems, Inc., inspect the side-by-side. In Breen's opinion, as in Leblanc's, KPS had no fault in causing this accident. BRP asserts that Breen's opinion that KPS was not at fault rendered this case removable on the basis that KPS was fraudulently joined.

BRP has not met its heavy burden of showing that KPS was fraudulently joined in this action. The court's holding in this regard turns on the difference between the colorable cause of action standard that applies to claims of fraudulent joinder and the altogether different question of whether a party will ultimately be able to put forth sufficient evidence to support its claim.

The court begins its analysis with a Fifth Circuit decision that was later relied upon by the Sixth Circuit. In *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc), the Fifth Circuit explained the manner in which a district court should assess whether a plaintiff has a colorable cause of action against a non-diverse party:

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type of analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no

> improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.
>
> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Smallwood*, 385 F.3d at 573-574.

In *Walker v. Philip Morris USA*, 443 F. App'x 946, 953 (6th Cir. 2011), the Sixth Circuit approvingly cited to the Fifth Circuit's discussion in *Smallwood* of how district courts should assess claims of fraudulent joinder. In that case, the court held that the district court committed error when the district court concluded that the non-diverse defendants in the case had been fraudulently joined. The Sixth Circuit explained the error as follows:

> In denying Plaintiffs' motion to remand and dismissing the claims against the [non-diverse] Kentucky Defendants, the district court effectively granted summary judgment for failure to show a genuine issue of material fact [as to a necessary element of Plaintiffs' claims].
>
> There are at least two problems with this approach. First, the district court's evaluation of the nature and sufficiency of the evidence supporting Plaintiffs' claims against the Kentucky Defendants went beyond the inquiry contemplated by the limited pleading-piercing exception recognized as appropriate where an undisputed factual inaccuracy or insufficiency in the plaintiff's claim against the in-state defendant is the basis of removal. The fact-based, summary-judgment-type inquiry contemplated in such a case is the inquiry that is necessary to bring the true

- 5 -

>undisputed facts to the court's attention. An inquiry into the facts is not permitted in ruling on a motion on the pleadings; therefore, some piercing of the pleadings and factual presentation must be permitted if the court is to be informed of undisputed facts that undermine the well-pleaded claim that is otherwise colorable on its face. This piercing permits consideration of such undisputed facts that negate the claim. It is not intended to provide an opportunity to test the sufficiency of the factual support for a plaintiff's claim, as is done in a Rule 56 motion.
>
>This leads to the second problem. In rejecting Plaintiffs' evidence as insufficient to overcome the Kentucky Defendants' affidavits, the court went beyond the relevant inquiry–whether Plaintiffs have a colorable claim under Kentucky law–and instead inquired whether Plaintiffs had adequate evidentiary support for their claim, the traditional Rule 56 inquiry. But Rule 56 motions for summary judgment are decided after discovery, not shortly after filing. Plaintiffs were made subject to a higher standard by Defendants' removal. Here the district court effectively decided that there were no genuine issues of material fact on a motion to remand before discovery. Had Defendants not removed the case, the sufficiency of Plaintiffs' factual support would have been evaluated much later, after discovery.

*Walker*, 443 F. App'x at 955-956.

Applying the reasoning in *Walker* and *Smallwood* to this case, the court finds that a remand is appropriate here. As BRP implicitly acknowledges through its argument that its removal of the action was timely, the Shawvers' state court complaint provided no basis for removal of the action. Had the complaint failed to state a colorable claim on its face, BRP would have been required to remove the action within 30 days of its receipt of the complaint. *See* 28 U.S.C. § 1446 (b). Instead, BRP did not remove until over eleven months after the complaint was filed and over ten months after its own answer was filed.

Of course, by the time those eleven months between the filing of the complaint and removal of the action to this court had elapsed, significant discovery had already occurred in the action. The parties exchanged interrogatories and answers to the interrogatories. Shawver was deposed, as was, at least in part, Leblanc. Further, the parties had filed notices to take depositions of other witnesses, although the court is not aware of whether such depositions were completed. As noted above, BRP's

argument regarding fraudulent joinder is based for the most part on information it gathered during that wide-ranging discovery.

However, *Smallwood* and *Walker* make clear that the "colorable cause of action" standard is typically not one in which a district court should pierce the pleadings and assess the evidence supporting a claim. While those cases do contemplate that, in certain circumstances, a district court can pierce the pleadings, the discussion in those cases of how and when a district court should do so suggests that to do so in the circumstances presented here would not be proper. Both cases emphasize that even a district court that pierces the pleadings should not do so in order to make a summary judgment determination regarding the merits of the claim. Rather, the cases make clear that the types of facts for which piercing of the pleadings may be allowed are only undisputed discrete factual misstatements or omissions.

BRP's argument that KPS was fraudulently joined asks this court to reach an ultimate determination as to whether KPS was at fault for how it put together and installed the rollbar. Simply put, whether KPS properly put together and installed a roll bar is not the type of discrete factual omission or misstatement for which a piercing of the pleadings to assess fraudulent joinder is appropriate. In other words, to accept BRP's argument the court would be required to delve into the evidence and make a summary judgment determination of the ultimate merits of the Shawvers' claim against KPS. That is not the appropriate standard for a fraudulent joinder analysis.

Indeed, the simple fact that the fraudulent joinder argument comes after substantial discovery in the case suggests that the court would be overstepping its bounds on relying on the results of that discovery to find that KPS had been fraudulently joined. As the Fifth Circuit made clear in *Smallwood*, the piercing of the pleadings that a district court has the discretion to allow when

assessing a claim of fraudulent joinder is supposed to entail only minimal discovery, "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood*, 385 F.3d at 574. The Fifth Circuit continued that an inability to make a determination of fradulent joinder based on such a summary process "itself points to an inability of the removing party to carry its burden." *Id.* Thus, the simple fact that the parties here conducted extensive discovery prior to BRP's removal of the case to this court is evidence that there is no fraudulent joinder in this case.

In short, BRP removed the action to this court after it came to the conclusion, based on the substantial discovery undertaken in state court, that the Shawvers would not be able to come forward with sufficient evidence to make their case against KPS. However, the fraudulent joinder standard does not turn on such a summary-judgment-type inquiry, but asks only whether the Shawvers asserted a colorable cause of action against KPS. BRP has not met its heavy burden of showing fraudulent joinder. Thus, the Shawvers' motion to remand will be granted.[1]

For all the reasons stated herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the plaintiffs' motion to remand (DN 7) is **GRANTED** and this action is **REMANDED** to the Jefferson County, Kentucky, Circuit Court.

**IT IS SO ORDERED.**

---

[1] As is obvious from the court's discussion of the difference between the colorable cause of action standard and the summary judgment standard, this memorandum opinion and order should not be read to express any opinion as to the viability of KPS's currently pending motion for summary judgment.